THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ
RIVERA ALVIRA, Defendant and Appellant.

No. CR-68-163.    Decided March 25, 1969.

*Manuel López Carrillo* for appellant. *Rafael A. Rivera Cruz,
Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor
General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted by the court without a jury and sentenced to serve six months in jail for a

violation of § 4 of the Weapons Law consisting, according to the information, in that on or about August 8, 1965, and in the municipality of Fajardo ". . . unlawfully, willfully, maliciously, and with criminal intent, not on the occasion of its use as an instrument proper of an art, sport, profession, occupation or trade, carried and transported a knife, which he used in the commission of the public offense of voluntary manslaughter against Severiano Garay Ramos."

A jury acquitted appellant of the aforesaid offense of voluntary manslaughter.

He assigns on appeal (1) that the sentence in the case of carrying weapons is null and void because when the defendant was acquitted of the offense of manslaughter, he was also acquitted of carrying weapons, and (2) that defendant was not given the opportunity of requesting a trial by jury in the case of carrying weapons in violation of the due process of law.

Appellant has not sent up to this Court the transcript of evidence, as he states in his brief . . . "because the only two questions for discussion arise from and are based on the averments of the informations . . . ."

He is wrong. Without the transcript of evidence he has not placed us in a position to decide his first assignment relying on *People* v. *Cruz Collazo*, 95 P.R.R. 638 (1968). The information charges the defendant with a violation of § 4 of the Weapons Law and with two of its modalities, to wit: (1) The carrying and transporting of a knife not on the occasion of its use as an instrument proper of an art, sport, profession, occupation, or trade, and (2) the use of that knife in the commission of an offense of voluntary manslaughter.

In the case of *People* v. *Cruz Collazo, supra,* we decided that when the evidence does not establish the bearing, carrying and transportation of a knife, but its use in the commission of an offense, and the defendant is acquitted

thereof by a jury, the charge of violation of the Weapons Law is also decided by the verdict of the jury. In the aforesaid case we emphasized the fact that the carrying of the weapon had not been proved, since the occurrence happened in defendant's establishment where he had the knife. "This is not the case"—we said—"where, according to our doctrine, a defendant having been acquitted by the jury of the criminal death, or of the criminal attack to cause death, whatever the reasons for acquittal, the court may however, convict him of the carrying of the weapon which he allegedly used, under the different weighing of the evidence by the judge. Here the record did not establish the bearing or carrying of the weapon."

■ In the absence of the transcript of evidence we cannot determine whether or not there was evidence of the carrying and transportation of the knife. Consequently we have no grounds to determine that the error assigned was committed.

■ Appellant contends that, pursuant to the provisions of Rule 111 of the Rules of Criminal Procedure, he had a right to a trial by jury. We do not agree. The defendant has a right to a trial by jury in misdemeanor cases provided that the information was originally filed in the Superior Court, except as provided by special statutes. Precisely, the Weapons Law in its § 33 (25 L.P.R.A. § 443) provides that all cases concerning violation of the Weapons Law tried in the Superior Court shall be heard by the court without a jury. See *People* v. *Rivera*, 75 P.R.R. 399 (1953). It is clear that when our Constitution became effective such provision concerning felonies was impliedly repealed, but it subsists as to misdemeanors.

■ In order to support his right to trial by jury, the appellant invokes also the doctrine in the case of *Duncan* v. *Louisiana*, 20 L.Ed.2d 491, decided May 20, 1968. If the cited doctrine were applicable to Puerto Rico, the same is not

available to appellant whose trial was held December 20, 1965. *People* v. *Delgado Martínez*, 96 P.R.R. 703 (1968); *People* v. *Cruz Morales*, 96 P.R.R. 651 (1968); *People* v. *Ramón Morales*, judgment of October 24, 1968.

The judgment appealed from will be affirmed.